Filed 1/7/15  P. v. Pearce CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>NATHAN RICHARD PEARCE,<br><br>        Defendant and Appellant. | C072577<br><br>(Super. Ct. No. CM036747) |

Defendant Nathan Richard Pearce appeals following his sentence to county jail pursuant to a plea agreement.  He contends the sentence violated the plea agreement and his right to due process because it included enhancements for prior prison terms that had been stricken under the agreement.  Because this contention attacks the validity of the plea and defendant did not obtain a certificate of probable cause, we dismiss the appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

We omit the facts of defendant's offenses, as they are not relevant to the only issue raised on appeal.

In July 2012 a complaint deemed an information filed in Butte County Superior Court charged defendant with two felonies: false personation (count 1; Pen. Code, § 529)[1] and possession of a controlled substance (count 2; Health & Saf. Code, § 11377, subd. (a)). The information alleged as to both counts that defendant had suffered five prior prison terms. (§ 667.5, subd. (b).) It enumerated the underlying convictions as follows: (1) Case No. CM024757 -- convicted on June 15, 2006, in Butte County Superior Court of violating section 496, subdivision (a); (2) case No. 6219890 -- convicted on March 1, 2001, in Placer County Superior Court of violating Vehicle Code section 10851, subdivision (a); (3) case No. CM014428 -- convicted on September 6, 2000, in Butte County Superior Court of violating section 496, subdivision (a); (4) case No. CM013461 -- convicted on September 6, 2000, in Butte County Superior Court of violating section 496, subdivision (a); and (5) case No. CM031726 -- convicted on April 22, 2010, in Butte County Superior Court of violating Vehicle Code section 2800.2, subdivision (a).[2]

On August 9, 2012, defendant was arraigned on the information. On the same date, he pleaded no contest to count 1 and admitted three prior prison terms, as we explain more specifically below.

Paragraph 3(a) of the written plea agreement states: "I also admit the following enhancement(s)/prior conviction(s) with which I am charged . . . : Butte Superior Court

---

[1] Undesignated statutory references are to the Penal Code.

[2] On the copy of the information in the record, alleged convictions 1, 3, and 5 bear handwritten checkmarks. Those alleged convictions correspond to the three prior prison terms defendant admitted in the written plea agreement and in open court.

2

cases as follows:  1) CM024757, 6/15/06, § 496(a) VC [*sic*]; 2) CM014428, 9/6/00, § 496(a) PC; [and] 3) CM031726, 4/22/10, § 2800.2(a) VC."  Paragraph 7 of the agreement states:  "I have not been induced to enter the above plea(s) [and admission(s)] by any promise or representation of any kind, except . . . :  Dismiss counts not plead [*sic*] @ #3, hereinbefore[;] *Strike special allegations not plead [sic] @ #3(a), hereinbefore*."  (Italics added.)  Paragraph 17 of the agreement states that defendant could receive a maximum sentence of six years in "State/County Prison."[3]  Paragraph 29 stated that a *Harvey*[4] waiver applied to any dismissed or stricken charges or allegations.  Defendant initialed all of these paragraphs.

At the change of plea hearing, defense counsel stated:  "He's going to admit to three prior prison terms. *Those are . . . set forth in the plea form*."  (Italics added.)  The prosecutor echoed this remark.  The trial court then asked defendant about each prior prison term listed on the plea form and obtained his admission of each.  After accepting defendant's plea, the court stated:  "There are two prior prison terms stricken."  Neither defendant nor his counsel asserted that defendant had actually served only three prison terms, rather than the five that were alleged in the information.

The probation report recommended an aggregate county jail term of six years, including three years (the upper term) on count 1 and three years consecutive for the

---

**3**     The offense of false personation, which defendant admitted (count 1), is punishable by a sentence of "imprisonment in a county jail not exceeding one year, or imprisonment pursuant to subdivision (h) of Section 1170[] [i.e., 16 months two years, or three years]."  (§ 529, subd. (b).)  The offense of possession of a controlled substance under Health and Safety Code section 11377, which was stricken (count 2), is punishable in the same manner.  (Health & Saf. Code, § 11377, subd. (a).)  A defendant's sentence must be enhanced by one year for every prior prison term; here, five were alleged and three admitted.  (§ 667.5, subd. (b).)  Thus, the six-year lid under the plea agreement might have been calculated in several different ways, and the record does not show how the parties arrived at it.

**4**     *People v. Harvey* (1979) 25 Cal.3d 754.

three admitted prior prison terms. The report attached defendant's "Criminal Record Summary," which showed the following as to defendant's prior felony convictions and prison terms:

In Butte County case No. CM013461 (§ 496, subd. (a)) (not admitted by defendant in the plea agreement or at the change of plea hearing), defendant was sentenced on October 11, 2000, to 36 months of probation, including 120 days in jail. After his first violation of probation, on November 22, 2000, probation was reinstated with 270 days in jail and a treatment program. After his second violation of probation, on April 25, 2001, probation was revoked and defendant was placed in "CRC pursuant to § 3051 W&I." On March 27, 2002, criminal proceedings were reinstated and defendant was sentenced to two years eight months in prison "[c]onsecutive with CM[]014428."

In Butte County case No. CM014428 (§ 496, subd. (a)) (admitted by defendant in the plea agreement and at the change of plea hearing), defendant was also sentenced on October 11, 2000, to 36 months of probation, including 120 days in jail. After his first violation of probation, on November 22, 2000, probation was reinstated with a treatment program. After his second violation of probation, on April 25, 2001, probation was terminated and defendant was placed in "CRC pursuant to § 3051 W&I."

In Placer County case No. 6219890 (Veh. Code, § 10851, subd. (a)) (not admitted by defendant in the plea agreement or at the change of plea hearing), on March 1, 2001, defendant was sentenced to two years in prison. Thereafter, he was repeatedly returned to prison for parole violations, until he discharged parole on August 22, 2005.

In Butte County case No. CM024757 (§ 496, subd. (a)) (admitted by defendant in the plea agreement and at the change of plea hearing), on June 15, 2006, defendant was sentenced to 36 months of probation, including 220 days in jail. On February 15, 2007, his probation was terminated and he was sentenced to two years in prison. Thereafter, he was repeatedly returned to prison for parole violations, the last time on May 1, 2009.

4

In Butte County case No. CM031726 (Veh. Code, § 2800.2, subd. (a)) (admitted by defendant in the plea agreement and at the change of plea hearing), on April 22, 2010, defendant was sentenced to four years in prison. On November 22, 2011, he was released on postrelease community supervision.

At sentencing, the trial court noted that defendant had made a motion to represent himself, but defendant then asked to withdraw the motion and the court granted his request. The court imposed an aggregate term of five years in county jail, consisting of two years (the middle term) on count 1 and three years consecutive for the three admitted prior prison terms. Neither defendant nor his counsel raised any objection to the sentence.

Defendant thereafter filed a pro se writ petition in the trial court, asserting: "Trial court imposed unlawful special allegation prior prison terms." According to defendant, although he had five prior felony convictions, three of them (those in case Nos. CM013461, CM014428 & 6219890) were punished with a single prison term; thus he served only three prior prison terms altogether. Therefore, when the trial court struck two prior prison term allegations as part of the plea bargain, only one prior prison term remained, and only a one-year enhancement could lawfully be imposed.

In support of defendant's writ petition, he attached two exhibits: "Exhibit A," consisting of the probation report, the "Criminal Record Summary," and his own statement to the probation department, which asserted that he had served three prison terms; and "Exhibit B," a copy of the page of the information alleging his prior prison terms with his own handwritten annotation asserting that his five alleged prior convictions were served as three prison terms. He did not explain how he thought the Criminal Record Summary or the probation report assisted his argument. Nor did he explain why he had never presented his view of these matters to the trial court before the court imposed sentence.

5

The trial court denied the writ petition, finding: "Plea form does not support allegations."

Defendant filed timely notice of appeal. He did not obtain a certificate of probable cause.

DISCUSSION

Defendant contends, as in his writ petition, that he served three prior prison terms, not five, as alleged in the information; thus, when the trial court struck two prior prison terms under the plea agreement, the court should have enhanced his sentence by only one year for the one remaining prior prison term. Therefore, according to defendant, we should remand the matter with directions that the trial court give him "specific performance" of the plea agreement -- i.e., a total sentence of three years, not five.

We requested supplemental briefing from the parties as to whether defendant's contention amounted in substance to an attack on the validity of the plea, which may not be brought without a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Panizzon* (1996) 13 Cal.4th 68, 76.) Having considered the parties' original and supplemental briefs, we conclude that defendant, in fact, seeks to attack the validity of his plea. Since he did not obtain a certificate of probable cause, we dismiss the appeal.

The written plea agreement stated that defendant's maximum possible prison sentence, as a consequence of admitting one count and three prior prison terms, was six years. The trial court sentenced defendant to five years, including three years for the prior prison terms defendant admitted under the plea agreement. Neither at the time of entry of plea nor at the time of sentencing did defendant or his counsel inform the court that defendant believed he had served only three prison terms, so that the striking of two terms under the plea agreement left only one unstricken term. Thus, that alleged belief on defendant's part was not part of the plea agreement's express terms and conditions, which he signed and which he said in open court he understood and accepted.

6

Defendant now asserts that because the plea agreement struck two of his three actual prior prison terms, there was only one "cognizable" prior prison term that could be applied to his sentence. In other words, two of the three years added to his sentence for prior prison term enhancements could not lawfully have been imposed under any circumstances. This argument challenges the authority of the trial court to impose the sentence it did, which was within the terms of the plea agreement on its face -- and, as to the enhancements for prior prison terms, mandatory. In other words, though purporting to attack his sentence, defendant really asserts that the plea agreement itself necessarily entailed the unlawful imposition of mandatory sentence enhancements for nonexistent prior prison terms. This is an attack on the validity of the plea, which defendant may not bring without a certificate of probable cause. (§ 1237.5, subd. (b); *People v. Panizzon, supra*, 13 Cal.4th at p. 76.)

Defendant attempts to distinguish *Panizzon* on the ground that, unlike in *Panizzon*, here there was no "set agreed-upon sentence." But there *was* an agreed-upon sentencing lid, which included mandatory enhancements for all prior prison terms not stricken under the agreement -- i.e., the three prior prison terms defendant admitted by his plea. Thus, defendant's attempt to distinguish *Panizzon* fails. (See *People v. Cuevas* (2008) 44 Cal.4th 374, 376-377; *People v. Shelton* (2006) 37 Cal.4th 759, 763.)

DISPOSITION

The appeal is dismissed.

                                                 NICHOLSON      , J.

We concur:

     BLEASE           , Acting P. J.

     HULL             , J.

7